**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DARYL GRAY, | ) | NO. CV 13-00861 JVS (SS) |
| Petitioner, | ) | |
| v. | ) | **ORDER DISMISSING HABEAS** |
| | ) | **ACTION WITHOUT PREJUDICE** |
| ELVIN VALENZUELA, et al., | ) | |
| Respondents. | ) | |

On January 28, 2013,[1] Daryl Gray ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254.[2]

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Court has calculated the filing date of the Petition pursuant to the mailbox rule because the Petition was signed on January 28, 2013. (See Petition at 7).

[2] Petitioner indicated on the cover page that he filed this Petition pursuant to 28 U.S.C. § 2255. (See Petition at 1). However, Petitioner used the Eastern District of California form for petitions filed pursuant to 28 U.S.C. § 2254. (See Petition at 2-7). As the form of the Petition is immaterial to the Court's resolution of this matter,

1  Title 28 U.S.C. § 2254 empowers the Court to "entertain an application
2  for a writ of habeas corpus in behalf of a person in custody pursuant to
3  the judgment of a State court . . . on the ground that he is in custody
4  in violation of the laws of the Constitution or laws or treaties of the
5  United States."  See 28 U.S.C. § 2254(a).

7  In the present action, however, Petitioner is not challenging the
8  legality of his conviction or sentence, but instead is challenging the
9  conditions of his confinement.  (See Petition at 5-6).  The Court is not
10 required to grant the writ nor order a return if "it appears from the
11 application that the applicant or person detained is not entitled
12 thereto."  28 U.S.C. § 2243; see also Rule 4 of the Rules Governing
13 Section 2254 Cases in the United States District Courts.  The Petition
14 fails to include any cognizable claims for federal habeas relief.

16 Petitioner alleges two grounds for habeas relief.  (See Petition at
17 5-6).  In Ground One, Petitioner claims that he has "been housed over 6-
18 months [sic] in the wrong prison for [his required] level of [medical]
19 care [and that his] food has to be brought to [him because he] cannot go
20 up stairs [sic] . . . ."  (Id. at 5).  In Ground Two, Petitioner claims
21 that his "health has been compremised [sic] totally & clearly [sic]" and
22 that "this prison is cruel."  (Id.).  Under the heading marked "Ground
23 Three," Petitioner requests "release to alternative sentencing program
24 or the community."  (Id. at 6).  Finally, under the heading marked
25 "Ground Four", Petitioner alleges that he is a "[m]entally ill and . .

---

28 the Court finds it unnecessary to resolve which statute the Petition is actually proceeding under.

1 . terminally ill prisoner and need[s] serious medical treatment, [which]
2 the prison system in California can not [sic] provide." (Id.). Thus,
3 the Court concludes that the jurisdictional requisite for a section 2254
4 habeas petition has not been met. See Badea v. Cox, 931 F.2d 573, 574
5 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for
6 a prisoner to challenge the 'legality or duration' or confinement. A
7 civil rights action . . . is the proper method of challenging
8 'conditions of confinement.'").

10  The Court has also considered whether to ignore the erroneous
11 labeling of the Petition and construe this pleading as a civil rights
12 complaint. See Hanson v. May, 502 F.2d 728, 729 (9th Cir. 1974)
13 ("Despite the labeling of his complaint [as a habeas petition], [the
14 petitioner] was, therefore, entitled to have his action treated as a
15 claim for relief under the Civil Rights Act."); Wilwording v. Swenson,
16 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971) ("Petitioners
17 were therefore entitled to have their actions treated as claims for
18 relief under the Civil Rights Acts . . . ."). However, Petitioner's
19 conclusory allegations are not sufficient to state a claim for violation
20 of his federal civil rights. Moreover, Petitioner failed to pay the
21 filing fee required to initiate a civil rights action and is ineligible
22 for in forma pauperis status because he has previously had at least
23 three cases dismissed as frivolous, malicious, or for failure to state
24 \\
25 \\
26 \\
27 \\

3

a claim pursuant to 28 U.S.C. § 1915(g).³  Thus, granting leave to amend the current Petition would be futile.

Consistent with the foregoing, IT IS ORDERED that Judgment be entered dismissing this action without prejudice.  IT IS FURTHER ORDERED that the Clerk of Court serve a copy of this Order and the Judgment on Petitioner at his current address of record.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 20, 2013.

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

/ S /
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

---

³ The Court takes judicial notice of Case No. CV 10-08890 UA (SS) in which the Chief District Judge issued an order finding that Petitioner previously had at least three cases dismissed as frivolous, malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915(g).  See, e.g., United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (noting that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").  The Court also notes that the "imminent danger" exception to section 1915(g) does not apply here because Petitioner has not alleged any facts that demonstrate he is in "imminent danger of serious physical injury."  Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).